68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francois ALDRICH, an individual, Plaintiff-Appellant,
v.
LA PORTE-SARL, a foreign corporation, Defendant-Appellee.
 No. 94-15318.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1995.
Decided Oct. 11, 1995.
 
 1
 Before: KOZINSKI and NOONAN, Circuit Judges; BREWSTER, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Francois Aldrich appeals the district court's decision dismissing his claim against LaPorte S.A.R.L. for lack of personal jurisdiction. We reverse and remand.
 
 FACTS
 
 4
 On February 11, 1990, while attending a competition in Phoenix, plaintiff Francois Aldrich, a Texas resident, was injured by a target-throwing machine built by defendant LaPorte, a French company. The Shooting Academy, an Arizona corporation, was demonstrating a product which used the LaPorte machine.
 
 
 5
 LaPorte had a contract with Cairnsmore Leisure, Ltd., giving Cairnsmore exclusive U.S. distribution rights for LaPorte's clays and traps for one year, beginning March 1, 1989. Cairnsmore is a Scottish company owned and run by Mike Davey, its president. The firms negotiated the contract in Scotland, England, and France. After this contract was signed, Davey moved to Arizona and set up the Shooting Academy as a dba of Cairnsmore. The Shooting Academy had its place of business in Arizona and Missouri. Apparently at the time it signed the agreement LaPorte did not know of Davey's plans to move.
 
 
 6
 After moving, Davey prepared a brochure and video for selling LaPorte's products in the U.S. Both promotional activities were carried out with LaPorte's knowledge. Part of the tape was filmed at LaPorte's factory in France, with help from LaPorte. LaPorte also referred at least one interested U.S. customer to its "agent in Arizona," Davey, in a letter dated July 17, 1990. LaPorte shipped at least two of its machines to Arizona, one before the accident, one after. The machine which was involved in the accident was shipped to Missouri, then shipped by Davey to Arizona.
 
 PROCEEDINGS
 
 7
 Aldrich's first suit, in Texas state court, was dismissed for lack of personal jurisdiction. Aldrich then filed in Arizona state court, and the case was removed to the District Court. On January 5, 1994, the District Court dismissed for lack of personal jurisdiction, without holding an evidentiary hearing. Aldrich filed a timely notice of appeal on February 4, 1994.
 
 ANALYSIS
 
 8
 Where there are no factual conflicts, this court reviews the determination on personal jurisdiction de novo. Omeluk v. Langston Slip & Batbyggeri, 52 F.3d 267, 269 (9th Cir. 1995). This court applies a three part test to determine whether there is specific jurisdiction. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th Cir. 1993). The third part of that test requires determining whether exercising personal jurisdiction comports with "fair play and substantial justice. Id. at 1487-88. That determination is reached by weighing seven factors. After carefully weighing those factors, the district court held that exercising personal jurisdiction would not comport with substantial justice.
 
 
 9
 Of particular concern to the court were the conflict with France's sovereignty and the burden on the defendant. However, in a case like this where the defendant has substantial contacts nationwide, the sovereignty concern is lessened. Id. at 1489. LaPorte had a contract with Cairnsmore to sell in the United States, it shipped machines here, and it helped Davey in preparing advertising to be used in the United States. LaPorte had, therefore, sufficient ongoing contact with the United States to overcome concerns about France's sovereignty. The contacts also lessen concerns about the burden on LaPorte of defending itself in the United States. Id. at 1488.
 
 
 10
 Another factor to consider is the most efficient forum. Denying jurisdiction over LaPorte would lead to splitting the case, with the case against Davey and the Shooting Academy continuing in Arizona, and that against LaPorte moving to France. This factor weighs heavily in favor of exercising personal jurisdiction.
 
 
 11
 When we add Arizona's fairly strong interest in this claim, and the inconvenience to Aldrich of litigating in France, our de novo review leads us to conclude that exercising personal jurisdiction over LaPorte does not offend traditional notions of fair play and substantial justice.
 
 
 12
 Accordingly, we REVERSE the dismissal for lack of personal jurisdiction and REMAND for further proceedings.
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3